UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

FRANKLYN MALDONADO,

Plaintiff,

v. 9:26-CV-0702 (GTS/MJK)

DANIEL F. MARTUSCELLO, III; CO AN MARTIN; CO AU MARTIN; CO M. PHILLIPS; CO M. ASHLEY; CO R. DRISCOLL; CO J. THRATHAN; CO DURANT; CO LATRAY; CO N. TATRO; SGT. REIF; and DONALD UHLER,

Defendants.

---

APPEARANCES: OF COUNSEL:

UNITED LEGAL FIGHTERS
Counsel for Plaintiff
3960 Harlem Road, Suite 4
Buffalo, NY 14226

OSCAR ALVARADO, ESQ.

HON. LETITIA A. JAMES
N.Y.S. ATTORNEY GENERAL
Counsel for Defendants
The Capital
Litigation Bureau
Albany, NY 12224-0341

BRIAN W. MATULA, ESQ.
Assistant Attorney General

GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

Currently before the Court, in this prisoner civil rights action filed by Franklyn Maldonado ("Plaintiff") against Commissioner Daniel F. Martuscello ("Defendant") and others, is Defendant's motion to dismiss the claim against him for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 12.) Plaintiff has conceded to dismissal of the claim against Defendant. (Dkt. No. 17.) For the reasons set forth below, Defendant's motion is granted.

## I. RELEVANT BACKGROUND

### A. Plaintiff's Complaint

Generally, in his Complaint, Plaintiff asserts against Defendant Martuscello a claim for deliberate indifference pursuant to the Eighth Amendment of the United States Constitution and 42 U.S.C. § 1983, alleging that Defendant Martuscello had knowledge of the conditions that led to Plaintiff's injuries, but that he disregarded the risks to Plaintiff in a manner that constitutes deliberate indifference. (Dkt. No. 2.)

### B. Parties' Briefing on Defendant's Motion to Dismiss

#### 1. Defendant's Memorandum of Law

Generally, in his motion, Defendant argues that Plaintiff has failed to allege that he had any personal involvement in the alleged constitutional violation because the claim against him rests solely on the fact that Defendant held the positions of Commissioner, Director of Human Resources, and Executive Deputy Commissioner without providing any allegations that he had any personal involvement in retaining the other defendants or reviewing or creating any of the identified conditions or policies. (Dkt. No. 12, Attach. 1.)

#### 2. Plaintiff's Response

In response to Defendant's arguments, Plaintiff concedes to the dismissal of Defendant. (Dkt. No. 17.)

## II. GOVERNING LEGAL STANDARD

It has long been understood that a dismissal for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6), can be based on one or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a

challenge to the legal cognizability of the claim. *Jackson v. Onondaga Cty.*, 549 F. Supp.2d 204, 211 nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J.) (adopting Report-Recommendation on *de novo* review).

Because such dismissals are often based on the first ground, some elaboration regarding that ground is appropriate. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added]. In the Court's view, this tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp. 2d at 212 n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp. 2d at 212 n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp. 2d at 212 n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp. 2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal"

notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp. 2d at 213 n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corp. v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 560-61, 577. Rather than turn on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim. *Id*. at 555-70. The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]." *Id*. at 555. More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true. *Id*.

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[D]etermining whether a complaint states a plausible claim for

relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (internal quotation marks and citations omitted). However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 129 S. Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

Finally, a few words are appropriate regarding what documents are considered when a dismissal for failure to state a claim is contemplated. Generally, when contemplating a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) or Fed. R. Civ. P. 12(c), the following matters outside the four corners of the complaint may be considered without triggering the standard governing a motion for summary judgment: (1) documents attached as an exhibit to the complaint or answer, (2) documents incorporated by reference in the complaint (and provided by the parties), (3)

documents that, although not incorporated by reference, are "integral" to the complaint, or (4) any matter of which the court can take judicial notice for the factual background of the case.[1]

## III. ANALYSIS

After carefully considering whether Plaintiff has stated a claim of deliberate indifference against Defendant, the Court answers this question in the negative for the reasons stated in Defendant's memorandum of law and based on Plaintiff's concession to the dismissal of that

---

[1] *See* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."); *L-7 Designs, Inc. v. Old Navy, LLC*, No. 10-573, 2011 WL 2135734, at *1 (2d Cir. June 1, 2011) (explaining that conversion from a motion to dismiss for failure to state a claim to a motion for summary judgment is not necessary under Fed. R. Civ. P. 12[d] if the "matters outside the pleadings" in consist of [1] documents attached to the complaint or answer, [2] documents incorporated by reference in the complaint (and provided by the parties), [3] documents that, although not incorporated by reference, are "integral" to the complaint, or [4] any matter of which the court can take judicial notice for the factual background of the case); *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (explaining that a district court considering a dismissal pursuant to Fed. R. Civ. 12(b)(6) "may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint. . . . Where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, thereby rendering the document 'integral' to the complaint. . . . However, even if a document is 'integral' to the complaint, it must be clear on the record that no dispute exists regarding the authenticity or accuracy of the document. It must also be clear that there exist no material disputed issues of fact regarding the relevance of the document.") [internal quotation marks and citations omitted]; *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) ("The complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.") (internal quotation marks and citations omitted); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) ("[W]hen a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may nevertheless take the document into consideration in deciding [a] defendant's motion to dismiss, without converting the proceeding to one for summary judgment.") (internal quotation marks and citation omitted).

claim. *See, supra,* Parts I.B.1 and 2 of this Decision and Order. To those reasons, the Court adds only the following brief analysis.

As Defendant argues, liability for a constitutional violation pursuant to Section 1983 cannot be premised on a theory of respondeat superior. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*"); *see Claudio v Cnty. of Oneida*, 25-CV-1615, 2026 WL 1733268, at *6 (N.D.N.Y. June 16, 2026) (Nardacci, J.) (finding that allegations that a defendant was responsible for the conduct of others merely because he was a supervisor and present at the facility on the relevant date were insufficient to state a claim pursuant to Section 1983) (collecting cases). Specifically, there is no liability against an individual "'merely because he held a high position of authority.'" *Schallop v. New York State Dep't of Law*, 20 F. Supp. 2d 384, 392 (N.D.N.Y. 1998) (Homer, M.J.) (quoting *Black v. Coughlin*, 76 F.3d 72, 74 [2d Cir. 1996]); *accord Winkler v. Rosa*, 25-CV-1582, 2026 WL 2569342, at *7 (N.D.N.Y. Aug. 31, 2026) (D'Agostino, J.); *see also Mitchell v. Annucci*, 20-CV-1407, 2026 WL 828101, at *4 (N.D.N.Y. Jan. 26, 2026) (Stewart, M.J.), report-recommendation adopted by 2026 WL 807178 (N.D.N.Y. Mar. 24, 2026) (Coombe, J.) (dismissing claim against DOCCS Commissioner because the claim against him was "solely based on his supervisory position within DOCCS").

Here, Plaintiff's allegations against Defendant are based solely on the fact of his holding various positions as Director of Human Resources, Executive Deputy Commissioner, and, ultimately, Commissioner, alleging that his being in those positions provided him with knowledge of the conditions that led to Plaintiff's assault. (Dkt. No. 2, at ¶ 6.) These conclusory

allegations are insufficient to plausibly allege the personal involvement required to sustain a cause of action pursuant to Section 1983.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to dismiss (Dkt. No. 12) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's sole claim against Defendant Martuscello is **DISMISSED**, and the Clerk of Court is directed that he should be terminated from this action.

Dated: November 13, 2026
Syracuse, New York

Glenn T. Suddaby
U.S. District Judge